IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GERRI M. ANDERSON,  )
        Plaintiff,  )
        -vs-  )  Civil Action No. 14-94
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since April 1, 2009. (ECF No. 6-5, p. 2). Administrative Law Judge ("ALJ"), John Kooser, held a hearing on July 30, 2012. (ECF No. 6-2, pp. 34-69). On September 28, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 14-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 15). The issues are now ripe for review.

## II.　LEGAL ANALYSIS

### A.　Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Treating Physicians</u>

Plaintiff first argues that the ALJ erred in assigning little weight to the opinion of Plaintiff's treating physician, Dr. Sean Su, M.D., and a treating nurse, Rose Ann Flick, CRNP. (ECF No. 13, pp. 4-12). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the

3

record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues that remand is necessary "because the ALJ summarily concludes that CRNP Flick and Dr. Su's treating source statement was inconsistent with the 'clinical data' and thus entitled to little weight. However, CRNP Flick and Dr. Su listed ample clinical and diagnostic signs, symptoms and data in support of their opinion, which the ALJ ignored." (ECF No. 13, p. 4). After a review of the record, I disagree.

Contrary to Plaintiff's position, the ALJ did not ignore the medical records of Dr. Su or CRNP Flick. Rather, the ALJ specifically explained throughout the opinion that he reviewed them and found them to be inconsistent with their opinions set forth in their medical source statement. (ECF No. 6-2, pp. 23-27). In addition, he found their opinions in the medical source statement to be inconsistent with other medical evidence of record. *Id.* These are appropriate reasons for giving an opinion little weight. 20 C.F.R. § 416.927 (discussing the evaluation of medical opinions). Furthermore, the ALJ recognized that "[m]any of the limitations of the claimant are reportedly based on the claimant's subjective statements…." (ECF No. 6-2, p. 23).

4

I note that "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). Upon review of the record, I find the ALJ's opinion is supported by substantial evidence.[1] (ECF No. 6-2, pp. 20-27). Consequently, I find remand is not warranted on this basis.

     **C.**    <u>**Ability to Remain on Task**</u>

Plaintiff's next argument is that remand is necessary because the ALJ "failed to explain why he assessed no limitation with regard to Ms. Anderson's ability to remain on task in a competitive work environment." (ECF No. 13, pp. 12-14). I disagree. The ALJ found Plaintiff's residual functional capacity to include light work as defined by the Act, with multiple exceptions, including that she is limited "to simple, routine, repetitive tasks, performed in a low stress environment, defined as no high volume production and stable work atmosphere with no complex decision-making, and only occasional interaction with the public, coworkers and supervisors." (ECF No. 6-2, p. 20). Such restrictions have repeatedly been found sufficient to accommodate limitations in concentration, persistence, and pace. *See, e.g., McDonald v. Astrue,* 293 F. App'x 941, 947-48 (3d Cir. 2008); *Menkes v. Astrue,* 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration."); *Watson v. Colvin,* No. 12-552, 2013 WL 5295708, *5 (W.D.Pa. Sept. 18, 2013); *Polardino v. Colvin,* No. 12–806, 2013 WL 4498981, *3 (W.D.Pa. Aug. 19, 2013) ("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks

---

[1] In her Brief, Plaintiff basically argues that there is evidence to support the opinions in the medical source statement of Dr. Su and CRNP Flick. (ECF No. 13, pp. 5-12). Whether this is a true statement is irrelevant because the standard is not whether there is evidence that supports the opinions of Dr. Su and CRNP Flick but, rather, whether there is substantial evidence of record to support the ALJ's findings as set forth above. Thus, I find this argument unavailing.

sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace."); *Hart v. Colvin,* No. 13–5, 2013 WL 4786061, *9 (W.D.Pa. Sept. 6, 2013) ("Hart's concentration-related difficulties were accommodated by the limitations permitting the performance of only simple, routine, repetitive tasks."). Thus, I find the ALJ sufficiently accounted for Plaintiff's ability to remain on task in a competitive work environment. (ECF No. 6-2). Furthermore, I find this limitation is based on substantial evidence. (ECF No. 6-2, pp. 24-26; No. 6-10, pp. 74-76).[2] Therefore, remand is not warranted on this basis.

An appropriate order shall follow.

---

[2] Plaintiff suggests that the ALJ did not explain what weight was given to consultative examining psychologist, Byron E. Hillin, Ph.D. (ECF No. 13, p. 13). This is incorrect. The ALJ gave his opinions great weight. (ECF No. 6-2, pp. 24-25).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERRI M. ANDERSON,<br><br>       Plaintiff,<br><br> -vs-<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Civil Action No. 14-94 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 10th day of February, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                            BY THE COURT:

                            s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge